UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | (A jury trial is requested) |
| THERIAULT TREE HARVESTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, William Anderson, by and through undersigned counsel, and

complains against the Defendant, Theriault Tree Harvesting, Inc., as follows:

### Introduction

1.      Plaintiff Anderson's claims arise under the Fair Labor Standards Act (FLSA) and

Maine wage and hour laws.  The Defendant failed to pay Plaintiff at the overtime rate for time

worked over 40 hours in a week.

### Parties

2.      Plaintiff Anderson is a resident of Millinocket, Maine.

3.      Defendant is a Maine corporation with its principal place of business in Stratton,

Maine.  At all relevant times, Defendant "engaged in commerce or in the production of goods for

commerce."  29 U.S.C. § 207(a)(1).

### Jurisdiction

4.      Jurisdiction is present pursuant to 28 U.S.C. § 1331.  The Court's supplemental

jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a).

1

**Factual Allegations**

5.     Mr. Anderson worked for the Defendant as a logger for about 16 months, ending on August 21, 2007.

6.     Under the FLSA and Maine law Mr. Anderson was entitled to 1.5 times his regular rate of pay (the "overtime rate") for hours worked in excess of 40 per week.

7.     For a period of approximately 37 weeks, beginning on September 30, 2006, the Defendant did not pay Mr. Anderson the overtime rate for hours worked in excess of 40 per week.

8.     Mr. Anderson contacted the Maine Department of Labor regarding these unpaid wages.  The Maine Department of Labor communicated Mr. Anderson's demand for unpaid wages to the Defendant.  To date, the Defendant has not paid these unpaid wages.

**COUNT ONE—26 M.R.S.A. § 626-A**

9.     Plaintiff repeats and realleges the allegations contained in paragraphs one through eight above as though fully set out herein.

10.    At all times relevant to this lawsuit, Plaintiff was an employee covered by Maine's Employment Practices Law, 26 M.R.S.A. §591 et seq., who was entitled to receive pay at his regular rate for the first forty hours worked in a work week and overtime at the rate of one and one-half times his regular rate for each hour worked in a work week over forty.

11.    Defendant violated the provisions of 26 M.R.S.A. § 621-A by failing to timely pay, at regular intervals not to exceed 16 days, in full all wages earned by Plaintiff at the regular rate for each hour worked under 40 hours per week and at the overtime rate (one-and-a-half times the regular rate) for each hour worked over 40 hours per week.  As such, Defendant is liable to Plaintiff under 26 M.R.S.A. § 626-A.

2

12.     Defendant willfully violated § 621-A.

13.     Defendant's untimely payment of wages and continued refusal to pay wages it owes to Plaintiff constitute violations of 26 M.R.S.A. § 621-A.  Plaintiff has suffered economic loss as a result of Defendant's violation of the law and seeks redress for these injuries pursuant to 26 M.R.S.A. §626-A.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

## COUNT TWO—26 M.R.S.A. § 670

14.     Plaintiff repeats and realleges the allegations contained in paragraphs one through thirteen above as though fully set out herein.

15.     Defendant required Plaintiff to work more than 40 hours in any one week without paying Plaintiff 1.5 times the regular hourly rate for all hours actually worked in excess of 40 hours in that week, in violation of 26 M.R.S.A. §664.

16.     Defendant's failures to pay Plaintiff 1.5 times the regular hourly pay rate for all hours actually worked in excess of 40 hours constitute violations of 26 M.R.S.A. § 664. Defendant willfully violated § 664.

17.     Plaintiff has suffered economic loss as a result of Defendant's violations of § 664 and seeks redress for these injuries pursuant to 26 M.R.S.A. §670.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his

attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this
Court deems just and equitable.

## COUNT THREE – 26 M.R.S.A. § 626

18.     Plaintiff repeats and realleges paragraphs one through seventeen as though fully
set out herein.

19.     When Plaintiff left his employment with Defendant the Defendant still owed him
wages.  Plaintiff demanded that Defendant pay these wages but Defendant has failed to do so.
Defendant's failure to pay these wages constitutes a violation of 26 M.R.S.A. § 626.  Defendant
willfully violated § 626.

20.     Plaintiff has suffered economic loss as a result of Defendant's violation of § 626
and seeks redress for these injuries pursuant to § 626.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to
fairly and reasonably compensate him for all past and future injuries and damages; plus his
attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this
Court deems just and equitable.

## COUNT FOUR—FLSA

21.     Plaintiff repeats and realleges paragraphs one through twenty as though fully set
out herein.

22.     Defendant required Plaintiff to work more than 40 hours in any one week without
paying Plaintiff 1.5 times the regular hourly rate for all hours actually worked in excess of 40
hours in that week, in violation of 29 U.S.C. § 207.

4

23.     Defendant's failures to pay Plaintiff 1.5 times the regular hourly pay rate for all hours actually worked in excess of 40 hours constitute violations of 29 U.S.C. § 207.  Defendant willfully violated § 207.

24.     Plaintiff has suffered economic loss as a result of Defendant's violations of § 207 and seeks redress for these injuries pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus his attorney's fees, statutory liquidated damages, litigation costs, interest, and any other relief this Court deems just and equitable.

Date:   September 29, 2008

*/s/ Allan K. Townsend*
Peter L. Thompson
Allan K. Townsend
Attorneys for the Plaintiff

**Peter Thompson & Associates**
92 Exchange Street, 2nd Floor
Portland, Maine 04101
Phone: (207) 874-0909
Fax:    (207) 874-0343
peter@ptlawoffice.com