UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-cv-330-JAW |
| | ) | |
| THERIAULT TREE HARVESTING, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

William Anderson seeks leave to file an amended complaint.  The operative First Amended Complaint relates that Anderson was employed by Theriault Tree Harvesting, Inc. (TTH), a logging operation, and alleges that TTH failed to pay overtime wages in violation of the federal Fair Labor Standards Act and Maine wage payment statutes.  Anderson also alleges whistleblower retaliation under the Maine Human Rights Act.  (First Am. Compl., Doc. No. 12.) The motion is tardy from the perspective of the scheduling order, which means there must be good cause for the late filing under Rule 16.  I find that sufficient cause excuses Anderson's non-compliance with the scheduling order and the motion is "freely granted" in accordance with Rule 15.  Anderson may file a second amended complaint that joins JNJ, Inc., as a party defendant and may assert claims against JNJ that are identical to those currently pressed against TTH, exclusively on the basis of an integrated enterprise theory.  The deadline for filing is August 21, 2009.

**APPLICABLE STANDARD**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, prior to trial a party may amend his pleading once, as a matter of course at the outset of litigation, but may only amend the pleading further with the opposing party's consent or with leave of court.  Fed. R. Civ. P. 15(a).  When leave of court is called for, the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This standard is not difficult to meet, but it "becomes compounded with a higher standard" after the court's scheduling order deadline for amendment of pleadings and joinder of parties has expired.  Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008); El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (D. Me. 2001).  Under Rule 16: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

**DISCUSSION**

I address the Rule 16 cause standard *sua sponte*.  As for Rule 15, TTH argues that leave to amend should be denied as futile and that allowing the amendment at this stage will unduly delay resolution of the litigation. (Opposition Mem. at 2-4, Doc. No. 24.)

**A.     Good Cause for Tardy Filing per Rule 16**

Anderson filed the pending motion on July 7, 2009.  That makes it tardy from the perspective of the scheduling order, which set the deadline for amendment of pleadings and joinder of parties at May 1, 2009.  However, Anderson relates that he first discovered, during depositions conducted on June 3 and 4 of 2009, that the couple who own and operate TTH, Lynn and Mark Theriault, organized a separate corporate entity, JNJ Logging, Inc., to obtain lower workers' compensation premiums than were available to TTH.  Based on deposition testimony cited in the motion, Lynn and Mark Theriault each own half of JNJ Logging.  Lynn alone has

ownership of TTH. Mark manages the employees of both companies and both companies often work side-by-side on logging operations. Lynn considers JNJ to work as a subcontractor to TTH, but denies that TTH claims any contractor premium on contracts performed by both entities. Based on his new discovery that a portion of the employees under the Theriaults' control and supervision are assigned to work for JNJ rather than TTH, yet all work under the direction of Mark Theriault, Anderson wishes to amend the First Amended Complaint to add identical claims against JNJ, on the theory that TTH and JNJ are really an integrated enterprise. I find that this newly discovered evidence is sufficient cause for filing a late motion to amend because it was discovered after the applicable deadline had expired and the motion was filed within a reasonable time period following the discovery.

**B.      Futility and Delay per Rule 15**

TTH argues that the Court should not grant leave for an amendment that would add JNJ as a party defendant because such an amendment would be futile and would result in undue delay. (Opposition Mem. at 2-4, Doc. No. 24.) Futility and undue delay are recognized grounds for denying leave to amend a pleading. Sandler v. Calcagni, 243 F.R.D. 24, 25 (D. Me. 2007). As for futility, TTH argues that the newly discovered facts are insufficient to support an integrated enterprise theory. Under this doctrine, sometimes described as the "single employer doctrine," two nominally separate companies may be so interrelated that they constitute a single employer subject to liability under Title VII." Torres-Negron v. Merck & Co., 488 F.3d 34, 40-41 (1st Cir. 2007). That theory is sometimes used to attribute actions undertaken by agents of one business association to the legally distinct business association that is the plaintiff's employer. Id. at 41. It may also be used to extend liability to the entity that is not the plaintiff's nominal employer. Id. n.7. Here, it is not apparent that Anderson needs to utilize the doctrine in

3

order to have any JNJ agent's actions attributed to TTH.  Rather, it appears more likely that Anderson wants to ensure that TTH cannot reduce the extent of its liability based on the number of employees it has[1] and also ensure that liability extends to both of the Theriaults' closely-held business corporations.  Four factors govern application of the doctrine:  (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership.  Id. at 42 (citing Romano v. U-Haul Int'l, 233 F.3d 655, 662 (1st Cir. 2000)).  Proof that all four factors are present is not necessary.  Id.  The test is "flexible" and emphasis is placed on the control of employment matters.  Id. & n.8.  In terms of flexibility, the test is more lenient than what would be required to pierce the corporate veil.  Id. n.9.  The Law Court has had an opportunity to consider whether to recognize the doctrine in the context of claims brought under the Maine Human Rights Act, the state analogue to Title VII.  Batchelder v. Realty Res. Hospitality, LLC, 2007 ME 17, 914 A.2d 1116.  Although the Law Court declined in Batchelder "to decide whether to adopt the integrated enterprise theory in Maine," it has held that it was not obvious error for the Superior Court to instruct a jury on the theory and affirmed an award that relied on acceptance of the doctrine.  Id., 2007 ME 17, ¶ 11, 914 A.2d at 1121.

Anderson has identified a legitimate basis to allege an integrated enterprise theory.  The Theriaults' deposition testimony suggests that all four factors can be met, and includes testimony to the effect that roughly nine or ten employees were shifted from TTH to JNJ solely to obtain workers' compensation coverage on more advantageous terms.  (Lynn Theriault Dep. at 15-16, Doc. No. 23-2;  Mark Theriault Dep. at 6-7, Doc. No. 23-3.)  Both Theriaults, the only evident

---

[1]   It may be unnecessary to add JNJ as a defendant in order to aggregate its employees with TTH's employees for purposes of determining the number of employees attributable to TTH.  I do not attempt to parse that issue here because the parties do not address it and the issue can better be addressed in the context of summary judgment briefings, if appropriate.  There may also be questions concerning the appropriateness of extending the doctrine to every cause of action.

managers of operations, are considered employees of JNJ. (L. Theriault Dep. at 66.) It is at least plausible that Mark Theriault's exercise of control over logging operations material to Anderson's claims occurred in Theriault's capacity as an employee of JNJ. The record also suggests that there is no appreciable distinction between the logging operations that these two entities engage in. (M. Theriault Dep. at 46-47.) Although TTH argues that the doctrine should not apply because TTH and JNJ do not have a parent-subsidiary relationship, I am not persuaded that the rationale behind the doctrine is necessarily restricted to the parent-subsidiary context. Two cases cited by Anderson suggests otherwise. Batchelder, 2007 ME 17, ¶¶ 3-5, 914 A.2d at 1118-19; Walton v. Edge Med. Prof'l Servs., LLC, 442 F. Supp. 2d 731, 753-54 (W.D. Mo. 2006). Moreover, the test articulated by the First Circuit reflects that common ownership and interrelated operations are not essential factors. Torres-Negron, 488 F.3d at 42.

TTH also argues that the addition of JNJ would unduly delay the resolution of this case. (Opposition Mem. at 4.) Given the relationship between these corporate entities, the martial relationship between the two principals, and the absence of any factual complexity, I am not persuaded that bringing JNJ into the case will lead to a duplication of past discovery or lead to unreasonable delay in the proceedings.

## CONCLUSION

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 23) is GRANTED over objection. Anderson may file a second amended complaint that joins JNJ, Inc., as a party defendant and may assert claims against JNJ that are identical to those currently pressed against TTH, exclusively on the basis of an integrated enterprise theory. The deadline for filing the

amended pleading is August 21, 2009[2]. Following the filing of the amended complaint, the parties shall contact the court within 10 days to discuss any scheduling order issues.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

August 13, 2009                     /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge

---

[2] Plaintiff should have filed a proposed amended complaint as an attachment to his motion. Leave to amend is strictly limited to the issue set forth in the motion.